**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM E. SEIBEL,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MARKETPLACE DIRECT, INC.,** )<br>)<br>Defendant. ) | 2:05cv684<br>**Electronic Filing** |

**MEMORANDUM OPINION**

March 13, 2007

Plaintiff, William E. Seibel ("Plaintiff" or "Seibel"), filed a complaint alleging discrimination in employment based upon his age under the Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 621, *et seq.*[1], and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. § 951 *et seq.* Following the close of discovery, Defendant, Marketplace Direct, Inc.("Marketplace"), filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and in support of its motion filed a memorandum of law[2]. Seibel has responded and the motion is now before the Court.

Pursuant to FED. R. CIV. P 56(c), summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the

---

[1] In his complaint, Plaintiff did not specifically plead an action under the ADEA or the Pennsylvania Human Relations Act ("PHRA"), 43 PA. STAT. § 951 *et seq.* Because the analysis for a Federal discrimination claim and PHRA claim are the same, *see, e.g., Simpson v. Kay Jewelers*, 142 F.3d 639, 643-44 & n.4 (3d Cir. 1998); *Jones v. School District of Philadelphia*, 198 F.3d 303, 410-411 (3d Cir. 1999); *Fairfield Township Volunteer Fire Co. No. 1 v. Commonwealth*, 609 A.2d 804, 805 (Pa. 1992), the Court will treat Plaintiff's complaint as setting forth claims under both statutes.

[2] Despite an order to do so, Marketplace failed to file a concise statement of material facts in numerical form to which it asserts there is no material issue for trial.

non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*. The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e). Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

Under the ADEA, an employer is prohibited from discharging any individual or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1). A plaintiff may establish an age discrimination claim using direct or indirect evidence. A direct evidence case of age discrimination exists when "the evidence the plaintiff produces is so

2

revealing of discriminatory animus that it not necessary to rely on any presumption from the *prima facie* case to shift the burden of production." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 778 (3d Cir.1994).

Where there is no direct evidence of age discrimination, a plaintiff may still prevail by presenting circumstantial evidence under the burden shifting analysis of *McDonnell Douglas*. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under a *McDonnell Douglas* framework, Seibel must first present a *prima facie* case by establishing, by a preponderance of the evidence, that: (1) he is over 40 years old; (2) he is qualified for the position in question; (3) he suffered from an adverse employment decision; and (4) his replacement was sufficiently younger to permit an inference of age discrimination. *Showalter v. University of Pittsburgh Med. Ctr.*, 190 F.3d 231, 234 (3d Cir. 1999); *Connors v. Chrysler Financial Corp.*, 160 F.3d 971, 973-974 (3d Cir. 1998).

Once a plaintiff establishes a *prima facie* case, the employer must come forward with a legitimate, non-discriminatory reason for the adverse employment decision. *Goosby v. Johnson & Johnson Med. Inc.*, 228 F.3d at 319 (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254-256 (1981)). "If the employer is able to proffer a legitimate, nondiscriminatory reason for its actions, the plaintiff must demonstrate that the proffered reason was merely a pretext for unlawful discrimination." *Goosby v. Johnson & Johnson Med. Inc.*, 228 F.3d at 319.

Seibel must establish his *prima facie* case by a preponderance of the evidence. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). The evidentiary burden at the *prima facie* case stage is rather modest: it is "to demonstrate to the court that the plaintiff's factual scenario is compatible with discriminatory intent - *i.e.*, that discrimination could be a reason for the employer's action." *Marzano v. Computer Sci. Corp. Inc.*, 91 F.3d 497, 508 (3d Cir. 1996). The court must consider only the evidence adduced by the plaintiff at this stage. *Siegel v. Alpha Wire Corp.*, 894 F.2d 50, 54 (3d Cir. 1990). A defendant's efforts to dispute the plaintiff's

*prima facie* case will be considered at a later stage of the *McDonnell Douglas* framework. *Id.* at 54.

Marketplace first argues that Seibel has failed to present a *prima facie* case because he cannot show that he was qualified to perform his job. Marketplace contends that Seibel, who been employed as Marketplace's information service manager since January, 1995, was no longer qualified for his position based upon: (1) his failure to complete jobs in a timely manner; (2) his failure to adequately support Marketplace's staff; and (3) his failure to cooperate with management in efforts to improve operations.

Each of Marketplace's complaints, however, refer to Seibel's performance, and not to his qualifications for the position. As Seibel points out, he held the information service manager position from 1995 until his termination in 2004 and the duties of his position never changed. The only written performance evaluation indicates Seibel exceeded the work requirements of his position in every area, there is no mention that Seibel needed to upgrade his education or training to remain qualified for his position. The Court finds that Seibel has met his burden to show that he was qualified for the position he held while employed at Marketplace. Therefore, the Court finds sufficient evidence in the record to establish Seibel's *prima facie* case.

In support of its "legitimate, non-discriminatory reason" for Seibel's termination, Marketplace reiterates Seibel's poor job performance and proffers testimonial evidence of Seibel's failures. Marketplace, a printing, mailing and fulfillment company that offers customers minimized postal and production costs, contends that in 2003 it was experiencing problems with efficiency and timely completion of customer orders. Marketplace management identified that part of the problem was that Seibel was failing to complete his work in a timely fashion, causing other divisions in the company to work extra time and hours to complete the orders by the customer deadline.

In addition, Marketplace contends Seibel failed to assist other members of the staff with

their computer related problems, a requirement of the IT manager's position.  Further, there is evidence in the record that Seibel was resistant to efforts made by management of Marketplace to improve the job performance and overall efficiency of the company.  Once it was apparent to Marketplace that Seibel was unable or unwilling to assist in the company's efforts to improve performance, it was decided to replace him with an employee who could not only perform Seibel's duties, but take on additional duties as well.

To survive summary judgment, Seibel must show that Marketplace's articulated reasons are merely a pretext for age discrimination. To show pretext, Seibel must point to some evidence from which a fact finder could reasonably either: (1) disbelieve Marketplace's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was <u>more likely than not</u> a motivating or determinative cause of his discharge. *Fuentes v. Perskie,* 32 F.3d 759, 764 (3d Cir. 1994)(Emphasis added).

To discredit Marketplace's proffered reasons, however, Seibel cannot simply show that Marketplace's decision was wrong or mistaken.  The factual dispute at issue is whether Marketplace was motivated by a discriminatory animus, not whether Marketplace's decision was wise, shrewd, prudent, or competent. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531, 533 (3d Cir. 1992); *Villanueva v. Wellesley College*, 930 F.2d 124, 131 (1st Cir.), *cert. denied*, 502 U.S. 861 (1991).  Instead, Seibel must present evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies (sic), or contradictions" in Marketplace's reasons that one could reasonably conclude such reasons are incredible and unworthy of credence, and ultimately infer that Marketplace did not act for the asserted nondiscriminatory reasons. *Fuentes v. Perskie*, 32 F.3d at 765; *see also Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 638 (3d Cir. 1993)(holding that the proper inquiry is whether the plaintiff has proffered sufficient evidence of "inconsistencies and implausibilities in the employer's proffered reasons").

In attempt to refute Marketplace's proffered reason for his termination, Seibel asserts

5

that: (1) his only written performance evaluation indicated that he exceeded his job requirements; (2) he was never formally reprimanded or reprimanded in writing; (3) Marketplace has changed its position regarding the reasons for his termination; and (4) there are contradictions in the testimony of the owners and/or officers regarding his termination.  To meet his evidentiary burden, Seibel relies upon his own affidavit refuting the deficiencies in his job performance, and relies on certain statements in the record submitted by Marketplace.  These submissions are inadequate to overcome the motion for summary judgment.

Moreover, the Court finds Seibel's arguments unavailing.  Seibel first argues that his performance deficiencies are "so petty, unspecific and lacking in detail" that they are obviously pretextual. Seibel's view of his job performance, however, is not the issue, "what matters is the perception of the decision maker." *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991).  That Seibel contends he was unfairly blamed for his deficiencies, does not establish pretext.  Nor is the fact that he received a good performance evaluation in the past evidence of pretext. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d at 528. ( Holding that pretext is not established by virtue of the fact that an employee has received some favorable comments in some categories or has, in the past, received some good evaluations); *Simpson v. Kay Jewelers, Division of Sterling, Inc.*, 142 F.3d 639, 647 (3d Cir. 1998) (An employee's positive performance in another category is not relevant, and neither is the employee's judgment as to the importance of the stated criterion); *Hicks v. Arthur*, 878 F. Supp. 737, 739 (E.D. Pa. 1995) (that a decision is ill-formed or ill-considered does not make it pretextual), *aff'd*, 72 F.3d 122 (3d Cir. 1995).  Moreover, the only written evaluation in the record occurred in 2000, two (2) years before Seibel was terminated.

Seibel also contends that the lack of either formal or written reprimand for his performance deficiencies is sufficient to create an issue regarding pretext.  Seibel ignores, however, the testimony of record that clearly shows that Marketplace was not satisfied with his performance, and that he was in fact confronted verbally about his performance.  Simply

disagreeing with Marketplace's assessment is insufficient to show pretext. The Court finds Seibel's contentions regarding his evaluations, as well as his self-serving explanations of his performance, to be insufficient for a factfinder to find Marketplace's articulated legitimate reasons for his termination to be pretextual.

Seibel's remaining arguments are also without merit. His unsupported assertions and conclusory allegations regarding Marketplace's alleged change of position and contradictions in testimony regarding the reasons for his termination are simply insufficient to survive a summary judgment motion. Seibel is unable to direct this Court to sufficient cognizable evidence to create material issues of fact that Marketplace's stated reasons for his termination are incredible and unworthy of credence. There is no evidence in the record that would allow a trier of fact to ultimately infer that Marketplace did not act for the asserted nondiscriminatory reasons.

This Court finds that there are no material facts in dispute, and Seibel is unable to show that age discrimination was a determinative factor in Marketplace's employment decision. Marketplace's motion for summary judgment shall be granted. An appropriate order will follow.

                                                  s/ David Stewart Cercone
                                                  David Stewart Cercone
                                                  United States District Judge

cc:    M. Scot Curran, Esquire
        11 S. College Street
        Washington, PA 15301-6881

        Dean F. Falavolito, Esquire
        Cheryl L. Esposito, Esquire
        Burns White & Hickton, LLC
        Four Northshore Center
        106 Isabella Street
        Pittsburgh, PA 15212